IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Michael W. Bradley,<br><br>        Plaintiff,<br><br>vs.<br><br>Richland County Landfill, Inc.; Waste Management of South Carolina, Inc.; and Waste Management, Inc.,<br><br>        Defendants. | C/A No. 3:14-cv-00779-JFA<br><br>**ORDER** |

In this take-home asbestos exposure case, Michael W. Bradley ("Plaintiff")[1] has moved to remand. ECF No. 32. Plaintiff argues that the federal officer removal statute, 28 U.S.C. § 1442(a)(1), does not give this court subject-matter jurisdiction over the matter. The defendants oppose the motion. ECF No. 33. For the reasons set forth below, the court grants the motion.

I.

Plaintiff filed suit in state court on January 31, 2014. In his complaint, Plaintiff asserts various claims of negligence, arguing that he inhaled asbestos fibers and contracted mesothelioma as a result of direct and indirect contact with his father, a longtime employee of the Richland County Landfill ("Landfill") who had worked with asbestos and asbestos-containing products. On March 7, 2014, the Landfill, with the consent of the two other defendants, Waste Management, Inc.,[2] and Waste Management of South Carolina, Inc., (collectively "Defendants") removed the case to this court. Defendants submit that this court has subject-matter jurisdiction

---

[1] Plaintiff passed away on April 25, 2014. As a result, Plaintiff's counsel is in the process of having Plaintiff's mother appointed as the personal representative of his estate.

[2] Waste Management, Inc., joined in the removal but also has filed a motion to dismiss for lack of personal jurisdiction, ECF No. 11, which is not the subject of this order.

because the Landfill, in the disposal of asbestos-containing wastes and soils, was acting under the direction of an officer of the United States within the meaning of 28 U.S.C. § 1442(a)(l).

II.

The federal officer removal statute, in pertinent parts, permits the removal of cases filed in state court against "any officer (or any person acting under that officer) of the United States or of any agency thereof," sued in an official or individual capacity for "any act under color of such office . . ." 28 U.S.C. § 1442(a)(1).

To remove an action under section 1442(a)(1), a defendant who is neither a federal officer nor an agency must establish that: (1) it is a "person" within the meaning of the statute; (2) it acted under the direction of a federal officer; (3) it has a colorable federal defense to the plaintiff's claims; and (4) a causal connection exists between the plaintiff's claims and the acts that the defendant performed under color of federal office. *See Mesa v. Cal.*, 489 U.S. 121, 124–25, 129–31, 134–35 (1989). A defendant satisfying these elements gains access to federal court even when no federal question is presented in a plaintiff's complaint.

Here, it is undisputed that the Landfill is a "person" within the meaning of the statute. *See Virden v. Altria Grp., Inc.*, 304 F. Supp. 2d 832, 844 (N.D. W.Va. 2004) (concluding that the majority of courts construing the federal officer removal statute have applied it to corporations).

Thus, the court turns to the second element, which is whether the Landfill, a private entity, was "acting under" the direction of a federal officer. The Supreme Court has held that the words "acting under" must be construed broadly, but that the "language is not limitless." *Watson v. Philip Morris Cos., Inc.*, 551 U.S. 142, 147 (2007). Accordingly, a private entity's "compliance (or noncompliance) with federal laws, rules, and regulations does not by itself fall within the scope of the statutory phrase 'acting under' a federal 'official' . . . even if the regulation is highly detailed and even if the private [entity's] activities are highly supervised and

2

monitored." *Id.* at 153. Despite this limitation, private contractors that manufacture products for the United States subject to the "strict control" of the federal government tend to fall within the scope of section 1442(a)(1). *See Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 399 (5th Cir.1998), *cited with approval in Watson*, 551 U.S. at 153–54 ("The assistance that private contractors provide federal officers goes beyond simple compliance with the law and helps officers fulfill other basic governmental tasks."). Here, Defendants have not alleged that the Landfill was operating as a private contractor to the federal government. However, Defendants argue that the Landfill was "acting under" the directing of a federal officer because it was subject to direct rules and regulations of the United States Environmental Protection Agency ("EPA") and because a close nexus existed between Plaintiff's claims and the Landfill's actions:

> Here, the acts about which the Plaintiff complains, the maintenance of the ambient and environmental conditions at the landfill . . . and the failure to warn the Plaintiff or his father about the hazards of asbestos . . . are acts explicitly directed by a Federal Officer: the Administrator of [the EPA].

Defs.'s Resp. to Pl.'s Mot. Remand 6, ECF No 33 (internal citation omitted). This nexus, Defendants argue, sets this case apart from situations in which a private entity asserts the federal officer removal statute merely because it is subject to detailed regulation. "Here, the federal government not only regulated the handling and disposal of asbestos and the warnings about the hazards of asbestos, the Defendant's asbestos handling was conducted under explicit direction and specifications." *Id.* at 11. "It is precisely those federal regulations about which the Plaintiff complains." *Id.* at 11–12. As a result, Defendants argue that removal was proper because Plaintiff's allegations "directly implicate the federal regulations." *Id.* at 12. This court disagrees.

It is true that, in analyzing the removal by a private entity, courts have combined the second element of section 1442(a)(1) with the fourth element, which is the inquiry into the existence of a causal connection. *See In re Methyl Tertiary Butyl Ether ("MTBE") Products*

3

*Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) ("'acting under' a federal officer . . . subsumes the existence of a 'causal connection' between the charged conduct and asserted official authority") (internal citation omitted); *see also Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 398 (5th Cir. 1998). However, to show a causal connection in this case, the court is of the opinion that Defendants, at minimum, must show not only that the EPA controlled the Landfill's handling and disposal of asbestos and the warnings about its hazards, but also that this control prevented the Landfill from fulfilling its state law duty to handle and dispose of asbestos and to warn of the hazards related to it. Defendants have not demonstrated that here. Rather, Defendants have shown that the Landfill was subject to federal regulations that set minimum standards for the handling and disposal of asbestos and for the warnings of its hazards. That is not enough. Because Defendants have failed to demonstrate that the Landfill acted under a federal officer, they were not entitled to remove Plaintiff's action pursuant to section 1442(a)(1).

III.

For the foregoing reasons, the court hereby grants Plaintiff's motion and remands the case to state court. The Clerk of Court shall send a certified copy of this order of remand to the Clerk of the Court of Common Pleas, Richland County, Fifth Judicial Circuit of South Carolina.

IT IS SO ORDERED.

June 13, 2014  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

4